THE OHIO BELL TELEPHONE CO., APPELLANT, *v.* PUBLIC
UTILITIES COMMISSION OF OHIO, APPELLEE.
THE CINCINNATI AND SUBURBAN BELL TELEPHONE CO.,
APPELLANT, *v.* PUBLIC UTILITIES COMMISSION OF OHIO,
APPELLEE.

[Cite as Ohio Bell Telephone Co. v. Pub. Util. Comm.,
17 Ohio St. 2d 45.]

(Nos. 68-336 and 68-337—Decided March 5, 1969.)

46

*Mr. Charles B. Ballou, Mr. Michael L. Shatten, Mr. Clay Mock* and *Messrs. Arter, Hadden, Wykoff & Van Duzer,* for appellant in case No. 68-336.

*Mr. Charles G. Puchta, Mr. Earl R. Huffman* and *Messrs. Frost & Jacobs,* for appellant in case No. 68-337.

*Mr. Paul W. Brown,* attorney general, and *Mr. J. Phillip Redick,* for appellee.

O'NEILL, J. It is apparently conceded that the appellants' applications are for the establishment of rates for a new service and not for an increase in rates.

The appellants contend that where an application is not for an increase in rates a duty is imposed upon the commission to permit the filing of a schedule of the rates proposed in such application and to fix the time when such schedule is to take effect.

The appellee contends that it may refuse to permit the filing of such a schedule and, upon hearing, make a determination as to whether such proposed rates are just and reasonable before fixing a time when the schedules shall take effect.

The commission takes the position that it has the

power to deny a proposed new service to customers and refuse to allow a proposed decrease in rates for consumers to become effective immediately.

This question may be determined from an examination of the statute.

The commission is a creature of statute and has only those powers given to it by statute. Section 4909.17, Revised Code, which empowers the commission to find rates just and reasonable as a condition precedent to their effectiveness, provides as follows:

"No rate * * * of a public utility shall become effective until the Public Utilities Commission, by order, determines it to be just and reasonable, *except as provided in this section and Sections 4909.18 and 4909.19 of the Revised Code. * * *"* (Emphasis added.)

Section 4909.18, Revised Code, provides in part:

"Any public utility desiring to establish any rate * * * modify, amend, change, increase, or reduce any existing rate * * * shall file a written application with the Public Utilities Commission. Such application shall be verified by the president * * * of the applicant. Such application shall contain a schedule * * *. If such application is not for an increase in any rate * * * the commission *shall* permit the filing of the schedule proposed in the application and fix the time when such schedule shall take effect.

"If said application is for an increase in any rate * * * there shall also, unless otherwise ordered by the commission, be filed with the application in duplicate the following exhibits * * *." (Emphasis added.)

Section 4909.19, Revised Code is confined by its language to applications for increases in rates and details the procedure to be followed in such cases.

The commission contends that under its broad powers it has authority to require the same procedures to be followed with regard to applications for the filing of a rate for a new service as Section 4909.19 provides shall be followed with regard to applications for increases in rates.

The commission's position is not supported by the

language of the statute. Where the application is not for an increase in any rate, but is for a new service, as in the instant causes, or for a reduction in rate, the commission is required to permit the filing of the schedule proposed in the application and fix the time when such schedule shall take effect. *Cookson Pottery* v. *Pub. Util. Comm.* (1954), 161 Ohio St. 498, and *State, ex rel. Cleveland Electric Illuminating Co.,* v. *Pub. Util. Comm.* (1962), 173 Ohio St. 450.

Under the provisions of Section 4905.26, Revised Code, the commission has the power to review the justness and reasonableness of any rate charged or proposed to be charged. The language of that statute provides:

"Upon complaint in writing * * * by any person * * * or upon the initiative or complaint of the Public Utilities Commission that any rate * * * charged * * * *or proposed* to be * * * charged * * * is in any respect unjust, unreasonable * * * if it appears that reasonable grounds for complaint are stated, the commission *shall* fix a time for hearing and *shall* notify * * * and *shall* publish notice * * *. Such notice * * * *shall* state the matters complained of * * *." (Emphasis added.)

If a proposed schedule of rates, either reducing rates or establishing a rate for a new service, can not be made effective until a lengthy and often long-delayed review by the Public Utilities Commission is completed, the users of the service will be denied the proposed reduced rates or the opportunity for the proposed new service until such time as the commission completes its review and makes its order.

Under the procedures established by the General Assembly, the advantage to the consumer of a proposed reduced rate or the use of a needed new service is required by law to be given to the user immediately. The consumer is protected from an unjust or unreasonable rate for such new service by Section 4905.26, Revised Code, which provides that such proposed rate may be reviewed by the commission upon a complaint by any person, or upon the initiative or complaint of the commission itself.

The order of the Public Utilities Commission denying appellants' applications is contrary to law, and is, therefore, reversed.

*Order reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, SCHNEIDER, HERBERT and DUNCAN, JJ., concur.