CINNAMON LAKE UTILITY Co., APPELLANT, *v.* PUBLIC UTILITIES COMMISSION OF OHIO, APPELLEE.

[Cite as Cinnamon Lake Utility Co. v. Pub. Util. Comm. (1975), 42 Ohio St. 2d 259.]

(No. 74-867—Decided May 7, 1975.)

260

*Messrs. Jones, Day, Reavis & Pogue, Mr. Ronald R. Janke* and *Mr. Lanty L. Smith,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Keith F. Henley* and *Mr. Thomas J. Conaty,* for appellee.

*Per Curiam.* In the cause before us, the commission has granted certificates of public convenience and necessity subject to limitations placed upon Cinnamon Lake's proposed rate schedules.

The commission argues that it derives authority for this action from R. C. 4933.25 and Com. R. 29.01.

Cinnamon Lake submits that the commission has no power to place limitations upon its rates pursuant to R. C. 4933.25, but rather, once it has granted certificates of public convenience and necessity, the commission must accept the rate schedules pursuant to R. C. 4909.18.

The schedules presented by Cinnamon Lake represent an original, or first filing, since the utility has never operated under a schedule of charges since its inception. This court decided that the expedited filing provisions of G. C. 614-20 (pertinent part now contained in R. C. 4909.18) comprehends first filings. *Cookson Pottery* v. *Pub. Util. Comm.* (1954), 161 Ohio St. 498.

R. C. 4909.18, in pertinent part, provides:

"Any public utility desiring to establish any rate * * * shall file a written application with the Public Utilities Commission. * * * If such application is not for an increase in any rate * * * the commission shall permit the filing of the schedule proposed in the application and fix the time when such schedule shall take effect. * * *"

In *Ohio Bell Telephone Co.* v. *Pub. Util. Comm.* (1969), 17 Ohio St. 2d 45, 47, this court interpreted the foregoing language:

"The commission's position is not supported by the language of the statute. Where the application is not for an increase in any rate, but is for a new service, as in the instant causes, or for a reduction in rate, the commission *is required* to permit the filing of the schedule proposed in the application and fix the time when such schedule shall take effect." (Emphasis added.)

The commission argues that unless it can examine a proposed rate schedule pursuant to R. C. 4933.25, unreasonable or illegal schedules could be foisted upon the consumers without regulation. Further, it argues that it has properly exercised its rulemaking powers under R. C. 4933.25, and the utility should be required to comply with those rules.

The commission's rules pertinent to applications for certificates of public convenience and necessity, Com. R.

29.01 and Com. R. 29.04, provide that utilities file rates pursuant to R. C. 4909.18 and R. C. 4909.19. The new rates submitted by Cinnamon Lake were submitted pursuant to the expedited filing section of R. C. 4909.18, which does not conflict with the commission's rules.

The general provisions of R. C. 4933.25 do not expressly provide for regulation of rates. In *Ohio Bell, supra*, paragraph two of the syllabus provides:

"Under the provisions of Section 4905.26, Revised Code, the Public Utilities Commission has the power to review the justness and reasonableness of any rate charged or proposed to be charged upon a complaint in writing by any person or upon the initiative or complaint of the Public Utilities Commission, that any rate charged or proposed to be charged is in any respect unjust or unreasonable."

The protections offered by R. C. 4905.26, coupled with the broad discretionary powers of the commission pursuant to R. C. 4909.16 (power to amend, alter, or suspend schedule of rates) and the consumer remedy provided by R. C. 4905.61 (treble damages), provide an integrated statutory scheme for regulation.

For the foregoing reasons, the order of the commission refusing to accept the rate schedules filed is reversed, as such order is unreasonable and unlawful.

*Order reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.