PUBLIC UTILITY SERVICE, INC., APPELLANT, *v.*
PUBLIC UTILITIES COMMISSION OF OHIO, APPELLEE.

[Cite as Public Utility Service v. Pub. Util. Comm. (1980),
62 Ohio St. 2d 421.]

(No. 80-16—Decided June 25, 1980.)

*Messrs. Lucas, Prendergast, Albright, Gibson, Newman &
Gee, Mr. Rankin M. Gibson* and *Mr. Howard B. Abramoff,* for
appellant.

*Mr. William J. Brown,* attorney general, *Mr. Marvin I.
Resnik* and *Mr. David M. Neubauer,* for appellee.

*Per Curiam.* Appellant is a water-works company, as
defined in R. C. 4905.03(A)(8), and a public utility, as defined
in R. C. 4905.02. As a water-works company, appellant is sub-
ject to the requirements of R. C. 4933.25 and the regulations
promulgated thereunder.[1] Ohio Adm. Code 4901:1-15 is a rule
validly promulgated by the commission in accordance with
statutory requirements and enumerates the required exhibits
to be filed with a certificate application.

Appellant, a public utility as defined by law, was also sub-
ject to the requirements of R. C. 4909.18 at the time its cer-
tificate application was filed. R. C. 4909.18 provides, in perti-
nent part: "If the commission determines that such application
is not for an increase in any rate * * * the commission may per-
mit the filing of the schedule proposed in the application and
fix the time when such schedule shall take effect. If it appears
to the commission that the proposals in the application may be
unjust or unreasonable, the commission shall set the matter
for hearing * * *."

Appellant's contention that the above-quoted language im-
poses a mandatory duty on the commission to permit the filing
of its June 29th rate schedule is not well-taken.[2] R. C. 4909.18

---

[1] R. C. 4933.25 provides, in part:

"No * * * water-works company established or expanding after October 2, 1969,
shall construct, install, or operate * * * water distribution facilities until it has been
issued a certificate of public convenience and necessity by the public utilities commis-
sion. The public utilities commission shall adopt rules prescribing requirements and the
manner and form in which * * * water-works companies shall apply for a certificate of
public convenience and necessity."

[2] It is to be noted that R. C. 4909.18 was amended, effective September 1, 1976.
Prior to the amendment, the statute stated that "* * * the commission shall permit the
filing of the schedule proposed in the application * * *." We held that this former
language imposed a mandatory duty on the commission. *Ohio Bell Telephone Co.* v.

deals with the rate proposed in the *application* and not the filing of a second or later-proposed rate schedule.[3]

For the foregoing reasons, we affirm the order of the commission as being reasonable and lawful.

*Order affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

*Pub. Util. Comm.* (1969), 17 Ohio St. 2d 45; *Cinnamon Lake Utility Co.* v. *Pub. Util. Comm.* (1975), 42 Ohio St. 2d 259. We recognize that the General Assembly intended to abrogate this mandatory duty by the 1976 amendment.

[3] The commission states in its December 27th entry: "The first tariff which was filed with the Application for a Certificate on March 31, 1978, was given implicit approval by this commission***in its Opinion and Order dated June 6***. Following commission approval, Public Utility Service merely had to file new copies of that tariff with this commission***. Instead Public Utility Service filed a second tariff in which it had made various changes. Such a filing is improper***."